VICENTE ZAYAS PIZARRO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES, demandado; TESORERO DE PUERTO RICO, interventor.

Núm. 276.—*Sometido:* Julio 1, 1952. *Resuelto:* Agosto 12, 1952.

*Vicente Zayas Pizarro, pro se; Hon. Procurador General Víctor Gutiérrez Franqui* y *J. C. Santiago Matos, Procurador General Auxiliar,* abogados del interventor; *Orlando J. Antonsanti* y *René Benítez,* abogados de Sucn. J. Serrallés y Wirshing & Cía., S. en C., como *amici curiae; Leopoldo Tormes*

*García,* abogado de la Sucn. Juan Torruella Cortada, como *amicus curiae; James R. Beverley* y *E. Rodríguez Lebrón,* como *amici curiae,* y *Charles R. Hartzell, Rafael O. Hernández* y *José L. Novas,* como *amici curiae.*

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Para revisar la sentencia dictada por el extinto Tribunal de Contribuciones de Puerto Rico en 5 de septiembre de 1951 sosteniendo las deficiencias determinadas por el Tesorero y declarando sin lugar su demanda, a instancias del querellante Vicente Zayas Pizarro expedimos el auto de *certiorari* especial autorizado por el artículo 6 de la Ley núm. 328 de 13 de mayo de 1949 (págs. 997, 1005). La única cuestión a ser determinada en el presente recurso es la interpretación a darse a las palabras "puestos permanentes" contenidas en el artículo 8 (*c*) de la Ley 355 de 15 de mayo de 1948 (págs. 1209, 1213).

En la querella presentada por el peticionario ante el Tribunal de Contribuciones se alega que él posee ciertas fincas rústicas en las jurisdicciones municipales de Adjuntas y Villalba, en las cuales cultiva y cosecha cañas de azúcar y en las que durante los meses de febrero a diciembre de 1949 empleó once obreros que tenían carácter de permanentes, toda vez que trabajaron normal y continuamente para él durante la zafra del año aludido, y luego de terminada ésta continuaron trabajando para él en labores de cultivo; que al liquidar la contribución del 5 por ciento que venía obligado a pagar sobre los jornales o salarios de los empleados utilizados en sus plantaciones de cañas él excluyó los salarios satisfechos a los referidos obreros por tener los mismos carácter de permanentes; que el Tesorero le notificó deficiencias por concepto del no pago del referido 5 por ciento sobre los mencionados salarios; que solicitó la reconsideración de rigor y la misma le fué denegada; que dicho funcionario trata de cobrar la aludida contribución sobre cargos permanentes; y que el Reglamento núm. 1 adoptado por el Tesorero para poner en eje-

ción la Ley 355 de 1948, en tanto en cuanto fija como requisito para darle carácter de permanencia a obreros empleados en la industria azucarera el que los mismos hayan sido estables y continuos y el que hayan además derivado durante el año doce (12) sueldos mensuales o cincuenta y dos (52) sueldos semanales es nulo por estar en conflicto con la referida ley.

Por la Ley 355, supra, se creó en la Tesorería de Puerto Rico un fondo especial denominado "Fondo de Seguridad de Empleos", en el cual ingresarán todas las contribuciones por esa ley impuestas, así como cualesquiera otras sumas que por concepto de multas, recargos o intereses se recauden o reciban de acuerdo con ella. Aunque originalmente todo obrero de la industria azucarera debía pagar una contribución a dicho fondo equivalente al 5 por ciento de la cantidad recibida en concepto de jornales por la semana anterior y los patronos de esa industria debían retener el importe de tal contribución al efectuar el pago de jornales, sin embargo, según una enmienda introducida a la Ley 355 en 5 de enero de 1949 (Leyes de 1948, Novena Sesión Extraordinaria, pág. 3), la obligación de pagar el referido 5 por ciento recae ahora exclusivamente sobre los patronos. A tenor de lo provisto por el artículo 8(c) de la ley, según fué enmendada, la palabra " 'obrero' significa toda persona que ejerza, desempeñe o realice labores para patronos de la industria azucarera". Y "quedan excluídos del alcance de esta definición los empleados ejecutivos, administrativos, de oficina, de supervisión (excluyendo los capataces), *aquéllos que desempeñen puestos permanentes*, una persona empleada por su hijo, hija, esposa, y un menor de veintiún (21) años de edad empleado por su padre o madre." (Bastardillas nuestras.) Hasta ahí las disposiciones pertinentes de la referida Ley 355 en lo que al caso ante nos concierne.

De acuerdo con las conclusiones de hechos del tribunal recurrido, "durante los meses de febrero a junio de 1949 el demandante empleó en sus fincas dedicadas a la siembra y

cultivo de cañas de azúcar los siguientes obreros llamados Miguel Coronado, Juan López Cancel, Pablo Plaza, Emiliano Pérez Pabón, Benito Pérez Rosario, Feliciano Pérez Rosario, Emiliano Rosario, José Sepúlveda, Tomás Santiago, Antonio Torres y Carmelo Vélez. De junio a diciembre de 1949 empleó esos mismos obreros excepto Miguel Coronado quien no trabajó a partir de julio y excepto Benito Pérez Rosario quien tampoco trabajó en los meses de noviembre y diciembre. Miguel Coronado actuaba de maquinista de un tractor que se utilizaba durante la zafra para empujar los *trucks* y para abrir caminos y después de terminada ésta se le daba uso en la reparación de dichos caminos. A los demás obreros mencionados por vivir en la finca y estar más cerca, el demandante les dió trabajo 2 ó 3 días a la semana durante todo el año. Realizaron indistintamente varias labores; en el corte de caña, de aguador, macero, llenando trucks, en el arado, cercas, cultivo y otros trabajos de campo. El demandante dejó de computar y pagar la contribución de 5 por ciento sobre los jornales percibidos por las personas anteriormente mencionadas entre febrero y diciembre de 1949, considerando que ellos eran empleados permanentes porque les dió trabajo en su finca durante todo el año. Ninguno de los mencionados obreros aparece cobrando una cantidad fija o básica semanal o mensual, sino que sus jornales fluctuaban de mes a mes, habiéndoseles pagado en conjunto un máximo de $699.42 en mayo y un mínimo de $107.34 en diciembre, 1949." El peticionario no impugna las anteriores conclusiones, mas sostiene que los referidos obreros realizaron labores permanentes y que a tenor de lo provisto por el artículo 8(c) de la Ley 355 él no viene obligado a pagar la contribución del 5 por ciento.

En nuestra opinión, las palabras "aquéllos que desempeñen puestos permanentes" que aparecen en el artículo 8(c), supra, no pueden referirse sino a personas que desempeñan cargos o empleos estables o por tiempo indefinido, y no a aquéllos que realizan trabajos temporeros o incidentales.

En otras palabras, nuestro criterio es que la exclusión que hace el artículo 8(c) se aplica a personas que desempeñan empleos de duración indefinida, mas no a personas que aunque trabajan por un tiempo más o menos largo, digamos por todo un año o más, realizan durante ese tiempo labores correspondientes a distintos cargos.

Cierto es que los obreros aquí envueltos trabajaron durante todo el año,(1) primero en determinadas labores mientras duró la zafra y más tarde en trabajos esporádicos, de distinta índole, y durante dos o tres días a la semana. Empero, ninguno de ellos ocupó un puesto ejecutivo, administrativo, de oficina o de supervisión, ni un cargo o empleo estable o de duración indefinida.

■ El artículo 7 de la Ley 355 autoriza al Tesorero de Puerto Rico a dictar los reglamentos que estime necesarios para hacer cumplir sus disposiciones. En armonía con la autoridad así conferídale, en 18 de enero de 1949 el Tesorero de Puerto Rico, actualmente Secretario de Hacienda,(2) aprobó el Reglamento núm. 1, en cuyo artículo primero se define la frase "puestos permanentes" como "aquéllos estables y continuos en la industria azucarera cuyos ocupantes derivan durante el año o doce (12) sueldos mensuales o cincuenta y dos (52) sueldos semanales." Considerada la interpretación que a esa frase hemos dado más arriba, no es posible decir que dicho Reglamento sea nulo por ir más allá del contexto de la ley. El mismo se ajusta, sin duda, al espíritu y propósito que animó al legislador a aprobar la Ley 355, al igual que la Ley 356 de 15 de mayo de 1948 (pág. 1215),(3) que establece el seguro de empleo en la industria

---

(1) El presente recurso no envuelve en forma alguna la cuestión de si los obreros a que se ha hecho referencia tienen o no derecho a los beneficios otorgados por la Ley núm. 356 de 1948 ((1) pág. 1215).

(2) Véase la Sección 6 del Artículo IV de la Constitución del Estado Libre Asociado de Puerto Rico.

(3) Por la Ley 356 de 1948 se establece en el Departamento del Trabajo una División de Seguridad de Empleo, se autoriza al Director de ésta a conceder beneficios por desempleos que no excederán de $3 semanales a cada trabajador de la fase agrícola de la industria azucarera, ni de $5

azucarera de Puerto Rico y que es con ella concomitante. En su consecuencia, el Tribunal de Contribuciones actuó acertadamente al desestimar la demanda.

*Debe confirmarse la sentencia recurrida.*

a cada trabajador de la fase industrial de esa industria. En su artículo 11, luego de indicarse lo que incluyen las palabras "obrero" o "trabajador" se dice expresamente que "quedan excluídos del alcance de esta definición los empleados ejecutivos, administrativos, de oficina o de supervisión y aquéllos que desempeñen puestos permanentes."